UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| GERRY L. WARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:05-CV-105 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| FULLER REHABILITATION AND ) | |
| CONSULTING SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

Before the Court in this breach of contract action are three motions filed by Defendant Fuller Rehabilitation and Consulting Services, Inc. ("Fuller"): a motion to dismiss (Court File No. 5, Exh. 5a), a motion to transfer venue (Court File No. 13), and a motion to dissolve a temporary injunction previously entered in the Hamilton County (Tennessee) Chancery Court (Court File No. 15). Fuller has filed memoranda in support of each of its motions (Court File Nos. 8, 14, 16), Plaintiff Gerry L. Warner ("Warner") filed a response to each motion (Court File Nos. 19, 20, 24), and Fuller filed reply briefs in further support of its motions (Court File Nos. 22, 23, 26). Additionally, Fuller filed a motion to amend its motion to transfer venue to change an incorrect statutory citation (Court File No. 17). There being no objection and in the interest of provide a complete and accurate record, the Court will **GRANT** Fuller's motion to amend its motion to transfer venue (Court File No. 17). For the following reasons, the Court will **DENY** Fuller's motions to dismiss and transfer venue, however, the Court will **GRANT** Fuller's motion to dissolve the previously entered injunction.

I.  **RELEVANT FACTS**

Fuller is a private corporation based in Ringgold, Georgia, specializing in the sale of medical equipment (Court File No. 8, p. 1). Fuller conducts business across the country (Court File No. 8, p.1), including substantial business in Tennessee (Court File No. 25, Warner Affidavit, ¶ 5). Warner is a former employee of Fuller who resides in Tennessee (Warner Affidavit, ¶ 4).

Prior to Warner's employment with Fuller, the parties executed three agreements concerning Warner's employment and compensation with the company: (1) Agreement for Acquisition of Assets (Court File No. 9, Exh. B, "Acquisition Agreement"), (2) Employment Agreement (Court File No. 9, Exh. C, "Employment Agreement"), and (3) Fuller Employee Equity Growth Plan (Court File No. 9, Exh. D, "Equity Growth Plan"). Each of these agreements contains a choice of law provision selecting Georgia law to govern their interpretation.[1] In addition, the Employment Agreement contains the following forum selection clause:

> For purposes of resolving any disputes through court proceedings, the Company and Employee submit to the jurisdiction of the courts located in Catoosa County, Georgia, and each agrees not to raise and waives any objection to or defense based on the venue of any such court or *forum non conveniens*.

(¶ 11.2). Several months after these agreements were executed, the Employment Agreement was amended (Court File No. 3, Exh. E); however, the choice of law and forum selection clauses

---

[1] The Acquisition Agreement reads, "This Agreement will be governed by and construed in accordance with the law of the State of Georgia" (¶ 7).

The Employment Agreement reads, "This Agreement has been executed in the State of Georgia and shall be governed by and construed in all respects in accordance with the law of the State of Georgia" (¶ 11.1).

The Equity Growth Plan reads, "This plan will be governed by the law of the State of Georgia" (¶ 9).

2

remained untouched.

Disputes appear to have arisen out of the relationship between Warner and Fuller, disputes which culminated in the filing of two separate lawsuits in March 2005. On March 15, 2005, Warner filed the instant action against Fuller in Hamilton County (Tennessee) Chancery Court alleging a breach of the three agreements referenced above (Court File No. 1, Exh. 1, "Warner Complaint"). The Warner Complaint included allegations Fuller had "repeatedly made threats and attempted to interfere" with Warner's business (Warner Complaint, ¶ 40) and sought a temporary restraining order preventing Fuller from "initiating any action or lawsuit in the State of Georgia concerning or relating to Warner's activities or amounts owed to Warner by [Fuller]" and an order requiring Fuller to show cause why a temporary injunction should not be issued (Warner Complaint, ¶¶ 41(b) and (c)). The Chancery Court denied Warner's request for a temporary restraining order, but entered a show cause order and a scheduled a hearing on Warner's request for a preliminary injunction.

On March 30, 2005, Fuller filed a separate suit against Warner in Catoosa County (Georgia) Superior Court alleging a breach of the Employment Agreement (Court File No. 5, Exh. 1, "Fuller Complaint"). On the same day, Fuller obtained a temporary restraining order prohibiting Warner from "operating a business that competes with [Fuller] and from soliciting the employees of [Fuller] in violation of the Employment Agreement between the parties . . . ." On April 6, 2005, the Hamilton County (Tennessee) Chancery Court held a hearing on the Warner Complaint and entered an order restraining and enjoining Fuller "from proceeding or taking any further action" on the Fuller Complaint in Catoosa County (Georgia) Superior Court (Court File No. 20, Exh. 1). On April 13, 2005, Fuller removed the Warner Complaint to federal court invoking the Court's diversity jurisdiction (*see* Court File No. 1).

## II. DISCUSSION

### A. Motion to Dismiss

Fuller asserts Warner's claim should be dismissed in light of the forum selection clause in the Employment Agreement whereby the parties agreed to submit to the jurisdiction of courts in Catoosa County, Georgia (Court File No. 5, Exh. 5a, p. 1). Fuller further argues its Catoosa County lawsuit covers all the issues raised in Warner's Hamilton County claim and "litigating these issues in two separate forums is inefficient and a waste of judicial resources" (Court File No. 5, Exh. 5a, p. 1).[2] Warner, however, contends the forum selection clause in the Employment Agreement is merely permissive (Court File No. 24, p. 1) and his claim involves issues in all three agreements, including the two (*i.e.*, the Equity Growth Plan and Acquisition Agreement) that do not contain forum selection clauses (Court File No. 24, p. 2). Warner also argues it would be "much more convenient for him" and his witnesses to litigate his claim in Tennessee (Court File No. 24, p. 7).

The key issue the Court must address is whether the agreements executed by the parties permit Warner to litigate his claim in Tennessee. Given the choice of law provision found in all three agreements executed by the parties (*see supra* note 1), the Court will apply Georgia law in interpreting the agreements in question and reaching its decision.[3]

Of the three agreements, only the Employment Agreement contains a forum selection clause explicitly naming Catoosa County, Georgia as a forum to resolve disputes among the parties. The

---

[2] In making this argument, however, Fuller fails to account for the fact Warner's claim involves all three agreements while Fuller's claim only implicates the Employment Agreement.

[3] Because the Court finds the choice of law provision is sufficiently clear, the Court will use Georgia law in rendering its decision, even though both parties in their filings rely on Tennessee law (*See, e.g.,* Court File No. 8, p. 3; Court File No. 24, p. 5).

Acquisition Agreement and Equity Growth Plan do not contain such provisions. Therefore, any claims arising under those agreements may be litigated in any court having proper jurisdiction over the parties. Warner was not bound to litigate his claims involving those agreements in Georgia and may thus proceed with them in this Court.

The continued viability of Warner's claims under the Employment Agreement, however, depends on the validity of the forum selection clause according to Georgia law. In Georgia, forum selection clauses are considered *prima facie* valid and are generally enforced unless they are found to be unreasonable. *Lease Fin. Group v. Delphi, Inc.*, 596 S.E.2d 691, 692 (Ga. Ct. App. 2004). In addition, Georgia courts make a clear distinction between forum selection clauses that require suits be brought in a particular forum and clauses that merely denote the parties' consent to the jurisdiction of a forum. *Carbo v. Colonial Pac. Leasing Corp.*, 592 S.E.2d 445, 447 (Ga. Ct. App. 2003); *compare Iero v. Mohawk Finishing Prods.*, 534 S.E.2d 136, 137 (Ga. Ct. App. 2000) (enforcing clause stating all suits "*shall* be instituted . . . [in] State of New York") (emphasis added) *and Antec Corp. v. Popcorn Channel, L.P.*, 482 S.E.2d 509, 510 (Ga. Ct. App. 1997) (enforcing clauses whereby parties agreed to submit to "*exclusive* jurisdiction" of New York courts) (emphasis added) *with Carbo*, 592 S.E.2d at 446 (finding mere consent in lease where appellee "*agrees* to jurisdiction in the state of Lessor's principal place of business") (emphasis added) *and Brown v. United States Fid. & Guar. Co.*, 432 S.E.2d 256, 258-59 (Ga. Ct. App. 1993) (appellant consented to jurisdiction by agreeing "[a]ny action or proceeding . . . *may* be brought in any [New York] court") (emphasis added). Though parties are not required to specifically express the exclusivity of a selected forum, the intent to make a particular forum exclusive should be clear. *Carbo*, 592 S.E.2d at 447.

Here, the language contained in the Employment Agreement amounts to a mutual consent to the jurisdiction of Catoosa County courts and nothing more. By agreeing to "submit to the jurisdiction of the courts located in Catoosa County, Georgia" and waiving "any objection to or defense based on the venue of any such court" (Employment Agreement, ¶ 11.2), Fuller and Warner made clear their consent to the jurisdiction of those courts. They did not, however, demonstrate a clear intent to make Catoosa County the only forum for settling their disputes. The parties knew how to use mandatory and exclusive language when necessary in their agreements, for instance, when writing their choice of law provisions (*See supra* note 1). No such language appears in the Employment Agreement's forum selection clause. Thus, Warner was justified in filing his employment claims in Hamilton County. Because none of the agreements demonstrates a clear intent to make Catoosa County, Georgia an exclusive forum for settling Fuller and Warner's disputes, Warner had the right to file his complaint under all three agreements in Hamilton County, Tennessee. Accordingly, the Court will **DENY** Fuller's motion to dismiss (Court File No. 5, Exh. 5a, p. 1).

**B.     Motion to Transfer Venue**

Fuller next moves the Court to transfer the instant action to the United States District Court for the Northern District of Georgia (Court File No. 13). Section 1404(a) gives a federal district court discretion to transfer any civil action "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The burden is on the moving party to establish the need for a change of forum and absent an appropriate showing the plaintiff's choice of forum will be given deference. *Paragon Fin. Group, Inc. v. Bradley Factor, Inc.*, No. 1:02-CV-222, 2003 WL 23471548, *11 (E.D. Tenn. Dec.

4, 2003) (unpublished opinion); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947) ( "Unless the balance is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed."). The Supreme Court has instructed district courts to exercise their discretion under § 1404(a) according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988). In determining whether to transfer a case under § 1404(a), Courts consider a variety of factors, including: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp.2d 943, 947 (E.D. Mich. 2003) (quoting *Overland, Inc. v. Taylor*, 79 F. Supp.2d 809, 811 (E.D. Mich. 2000)); *see also Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

It is undisputed both the Eastern District of Tennessee and the Northern District of Georgia are proper venues for the instant litigation within the meaning of 28 U.S.C. § 1391. In support of its request for a transfer, Fuller points out it is a Georgia corporation with its principal place of business located in that state, the contracts between the parties are to be governed by Georgia law, the Employment Agreement contains a forum selection clause in which the parties expressly consent to the jurisdiction of the courts of Catoosa County, Georgia, "the majority of relevant events" occurred in the Northern District of Georgia, and the parties are already involved in litigation in state

court in the Northern District of Georgia (*see* Court File No. 14, pp. 4-9). In response, Warner notes he has been a resident of Tennessee throughout the course of his relationship and dealing with Fuller; the crux of Fuller's claims is that Warner violated the covenant not to compete contained in the Employment Agreement by forming and/or operating New Hope Medical Equipment, Inc., a Tennessee corporation with its principal place of business in Hamilton County, Tennessee; at least "some" of the witnesses expected to testify at trial are residents of Hamilton County, Tennessee; and two of the three law firms appearing on Fuller's behalf are located in Hamilton County, Tennessee (Court File No. 19, pp. 3-8). The Court notes that although they fall into different judicial circuits, the Eastern District of Tennessee and the Northern District of Georgia are contiguous. While proceeding in the Eastern District of Tennessee might result in some marginal increase in inconvenience to and/or costs related to witnesses located in Georgia (and *vice versa*), the close proximity of the two districts makes it likely any such increases would be minimal at best. Further, the Court notes the Rome Division is the closest court to Catoosa County in the Northern District of Georgia and, depending upon the precise location of documents and witnesses, may well be *farther* away than this Court in Chattanooga. Fuller gives particular emphasis to the forum selection clause in the Employment Agreement, but, as noted previously, that clause is permissive rather than mandatory. As such, the forum selection clause is not a determinative factor and at best indicates the parties at one time agreed Catoosa County, Georgia might have been an ideal location to litigation any disputes between them. It cannot be said this clause renders all other forums inconvenient or unjust and, in any event, the Court notes the court to which Fuller seeks a transfer, Northern District of Georgia, does not actually sit in Catoosa County either.

Based upon all the facts and considerations evident from the record, the most the Court can

say is that the Northern District of Georgia might be an equally convenient forum. This falls well short of the sort of showing required to justify a transfer under § 1404(a). *See Forward Air, Inc. v. Dedicated Xpress Servs., Inc.*, No. 2:01-CV-48, 2001 WL 34079306, at *4 (E.D. Tenn. Dec. 13, 2001) (unpublished opinion). Since Fuller has not shown the needs of the parties or justice require a transfer in this case, the Court will **DENY** Fuller's motion to transfer venue (Court File No. 13).

**C.     Motion to Dissolve Temporary Injunction**

Finally, Fuller seeks to dissolve the temporary injunction entered by the Hamilton County (Tennessee) Chancery Court (Court File No. 15). Fuller argues the injunction, which prevents Fuller "from proceeding or taking any further action" on the Fuller Complaint in Catoosa County, was improperly granted in that Warner presented no evidence to support his request and did not satisfy the traditional requirements for obtaining injunctive relief. Pursuant to 28 U.S.C. § 1450, rulings by state courts (including injunctions) prior to removal of an action to federal court "shall remain in full force and effect until dissolved or modified by the district court."

Fuller presents a number of arguments challenging the propriety and/or validity of the Chancellor's temporary injunction, including (1) the issue was moot by the time the Chancellor held the hearing since Warner had asked in his complaint to enjoin Fuller from "initiating" any litigation in Georgia, but Fuller had already done so on March 30, 2005, approximately six days before the April 6 hearing; (2) the Chancellor relied exclusively on the so-called "first-filed" rule despite the fact such a rule is contrary to Ga. Code Ann. § 9-2-45 and the parties are in agreement Georgia law applies in this case; (3) the Chancellor failed to give effect to the venue provision in the Employment Agreement; and (4) the Chancellor failed to address any of the traditional factors required to be shown to support the issuance of an injunction (*see* Court File No. 16, pp. 4-8). Warner responds

9

in support of maintaining the Chancellor's injunction by arguing the injunction is proper, if not compelled by the first-to-file rule in order to promote efficiency and judicial economy (Court File No. 20, pp. 6-11). Neither party has anywhere addressed the most pressing legal issue, that is whether the Court is even permitted to enter or maintain an injunction of state court proceedings in the first place.

The first-to-file rule is a well-established doctrine encouraging comity among *federal* courts of equal rank and provides that when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001); *see also Plantronics, Inc. v. Clarity, LLC*, 2002 WL 32059746, at *1-3 (E.D. Tenn. July 17, 2002) (unpublished opinion) (transferring later filed case based upon first-to-file rule). Thus, whatever the first-to-file rule might dictate in the event the Fuller Complaint was currently pending in another federal district court, the fact that action remains in Catoosa County (Georgia) Superior Court renders the first-to-file rule inoperative. Generally, the Anti-Injunction Act creates "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286, 90 S. Ct. 1739, 1743, 26 L. Ed. 2d 234 (1970); *see also Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004). Pursuant to 28 U.S.C. § 2283, a federal court may enter such an injunction only (1) when expressly authorized by Congress, (2) where necessary in aid of its jurisdiction, or (3) to protect or effectuate its judgments. The Anti-Injunction Act has been construed very narrowly. *See Toucey v. New York Life Ins. Co.*, 314 U.S. 118, 141, 62 S. Ct. 139, 148, 86 L. Ed. 100 (1941) ("We must be scrupulous

in our regard for the limits within which Congress has confined the authority of the courts of its own creation.").

Neither of the parties have pointed to any congressional act authorizing injunctions against state court proceedings nor does either complaint invoke any federal laws or causes of action. Nor does this action fall within either of the two scenarios in which courts have applied the second exception: (1) where a case is removed from state court to federal court and the state court refuses to relinquish jurisdiction, *see, e.g.*, *Mitchum v. Foster*, 407 U.S. 225, 234 & n.12, 92 S. Ct. 2151, 2158 & n. 12, 32 L. Ed. 2d 705 (1972), and (2) where the federal court first acquires jurisdiction over a case involving the disposition of real property, *see, e.g.*, *In re Am. Honda Motor Co., Inc., Dealerships Relations Litig.*, 315 F.3d 417, 439 (4th Cir. 2003). *See* Erwin Chemerinsky, *Federal Jurisdiction*, § 11.2, pp. 690-707 (3d ed. 1999). Finally, because there has been no prior federal court decision on any of the issues raised in this case, an injunction is not necessary to promote or effectuate the Court's judgments.

Warner contends the Chancellor's injunction should be maintained because allowing two virtually identical lawsuits to simultaneously proceed in separate forums violations the "express purpose" of the Federal Rules of Civil Procedure (*i.e.*, fostering a just, speedy, and inexpensive determination of every action). Be that as it may and even assuming the Chancellor's acted lawfully and properly in entering his injunction, the Court does not have the power to permit that injunction to continue in force under the imprimatur of the federal courts. "The traditional notion is that *in personam* actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to § 2283 was intended to alter this balance. We have never viewed parallel in personam actions as interfering with the jurisdiction of either court

11

. . . ." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642, 97 S. Ct. 2881, 2893, 53 L. Ed. 2d 1009 (1977). Accordingly, the Court is compelled to **GRANT** Fuller's motion to dissolve the temporary injunction previously entered in the Hamilton County (Tennessee) Chancery Court (Court File No. 15).

### III. CONCLUSION

For the reasons listed above, the Court will **GRANT** Fuller's motion to amend its motion to transfer venue (Court File No. 17), **DENY** Fuller's motion to dismiss (Court File No. 5, Exh. 5a), **DENY** Fuller's motion to transfer venue (Court File No. 13), and **GRANT** Fuller's motion to dissolve the previously entered injunction (Court File No. 15).

An Order shall enter.

                                                  **/s/**
                                 **CURTIS L. COLLIER**
                      **UNITED STATES DISTRICT JUDGE**